889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph Stanton HAYES, II, Plaintiff-Appellant,
v.
Lorraine SWEAT; M.L. Williams; Bill Russell; Hollis
McPhetridge; Dwight Kessell, Defendants-Appellees.
 No. 89-5429.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1989.
 
 1
 Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and ROBERT E. DeMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ralph Stanton Hayes II appeals the summary judgment for the defendant Superintendent of the Knox County Penal Farm in this civil rights action filed under 42 U.S.C. Sec. 1983. Essentially, Hayes alleged that his civil rights were violated when he was not permitted to keep an appointment he made from prison with an "outside" surgeon. The district court concluded that plaintiff failed to establish a constitutional deprivation and granted summary judgment for defendant. Upon consideration, we conclude that summary judgment was proper.
 
 
 4
 Generally, summary judgment is proper where there are no genuine issues of material fact and movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1987). We review a grant of summary judgment de novo. Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987). Here, the undisputed material facts reveal no injury actionable under Sec. 1983.
 
 
 5
 Plaintiff was diagnosed as suffering from an inguinal hernia by a prison physician. An orthopedic clinic was unable to alleviate pressure from a leg brace required by plaintiff. Plaintiff, who has been convicted of escaping from two "outside" appointments in the past, then scheduled an appointment with a private surgeon without the consent of prison officials. The appointment was cancelled after prison officials were notified of it only two days in advance. The surgeon ultimately performed successful "elective" surgery at government expense to correct the hernia approximately three months after the original appointment was scheduled.
 
 
 6
 First, plaintiff established nothing which would "evidence deliberate indifference to a serious medical need." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Further, plaintiff's claim that he was treated in a discriminatory manner is wholly unsupported. Therefore, summary judgment for defendant was appropriate. See Celotex Corp., 477 U.S. at 324.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation